Opinion by
Mr. Justice Day.
Plaintiff in error, to whom we will refer as claimant, is here to review the denial by the Industrial Commission of his petition for additional compensation. He was granted a hearing to determine whether there had been a change in his condition since the happening of an accident which had taken place several years previous. At that time he had been awarded compensation for a groin injury on a general admission of liability filed by his employer, the Old Homestead Bread Company. He complained of headaches since the accident *41 which had not been prevalent at the time of the original award. The Commission found that his complaints were not related to the accident and accordingly entered an order denying the claim.
 In this writ of error claimant would have us determine as a matter of law that the headaches that he has suffered since the accident were related to and caused by a blow to the head he sustained in the original accident. His contention is that because he had no headaches prior to the accident and has been suffering from headaches since, the causal connection is conclusive; and further, that his physician’s testimony supports his claim. This concept of his claim and his assertion regarding our duty under review procedures of the Workmen’s Compensation Act is erroneous. On the record made before the Commission, we must sustain the findings of the Commission and affirm the denial of his claim.
Whether the condition of the claimant is related to an admitted accident and whether his condition has become worse are questions of fact to be determined by the Industrial Commission. This long standing rule of law in connection with a case of this kind is so fundamental that we no longer cite the many cases so holding.
At the hearing the medical testimony on behalf of the plaintiff was equivocal. The most that can be said for it is that the physician gave as his opinion a qualified “maybe” on the issue whether the headaches of which the claimant complained were the result of the accident.
On the other hand, there was testimony by two experts in the field of neurology who stated unequivocally that the type of headaches suffered by the plaintiff was not produced by trauma. They stated that their research had failed to disclose even one case in which trauma had caused his particular type of headache described as “a cluster headache.” They testified that according to the best medical knowledge such headaches were caused by allergy. Corroborative of this medical opinion was *42 testimony that the attending physician induced headaches in the claimant by the injection of histamines. The headaches were also shown to have appeared after the ingestion of alcohol.
In the face of this testimony, which in the light most favorable to the claimant produced no more than a conflict in the medical evidence, the Commission determined there was no causal connection between the accident and the condition complained of. Such a determination is binding on this court. There was no error in law presented.
Accordingly, the judgment of the trial court affirming the determination by the Commission is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Frantz concur.